McNEIL *v.* HARRIS.

4-3312

Opinion delivered January 29, 1934.

*Rice & Rice,* for appellant.

*Vol T. Lindsey,* for appellee.

JOHNSON, C. J. This is a foreclosure action instituted by appellees against appellants in the Benton County Chancery Court. A default decree was entered, and this appeal is prosecuted therefrom. But one question is presented for determination, namely, the construction of the language contained in the notes evidencing the indebtedness secured by the mortgage. One of the notes reads as follows:

| "$1,000 | Endorsement | Balance |
|---|---|---|
| Rogers, Ark., July 9, 1928 | on | due on |
| On or before Aug. 15, 1932 | principal | principal |
| —days after date I, we, or | 192 | $............ $............ |
| either of us, promise to pay | 192· | $............ $............ |
| to the order of | 192 | $............ $............ |
| R. J. Jeffords. | 192 | $............ $............ |
| One Thousand—Dollars | 192 | $............ $............ |

For value received, negotiable and payable at the Farmers' State Bank, without defalcation or discount, and with interest from date at the rate of 8 per cent. per annum, payable................until paid, and if not paid when due with collection charges and attorney's fees, and, if interest be not paid annually, to become as principal, and bear the same rate of interest. The makers and indorsers severally waive presentment for payment, protest and notice of protest, and nonpayment of this note, and agree to extension of this note from time to time without notice.

"No................................ (Signed) T. S. McNeil

                      "   Grace McNeil

"Due on or before Aug. 15, 1932.
"P. O. Rogers, Arkansas."
The following appears on the back of said note:
"For value received, I hereby assign the within note to T. E. Harris, Vol T. Lindsey and E. W. Vinson, without recourse.
"R. J. Jeffords."
The trial court, in its decree, compounded interest annually on the notes in controversy at 8 per cent., and this is the alleged error presented for decision.

We think the decree is correct. The language employed by the parties in the note as follows: "and if interest be not paid annually, to become as principal, and bear the same rate of interest," when construed with all other provisions of the note, makes it clear that it was the intention of the parties that the interest mature annually, instead of at the maturity of the note as contended by appellants.

The decree is correct, and must be affirmed.